UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FEDERAL TRADE COMMISSION,**

    **Plaintiff,**

v.                                                          Case No: 5:20-mc-11-Oc-30PRL

**JAMES D. NOLAND, JR., LINA
NOLAND, SCOTT HARRIS, THOMAS
SACCA, SUCCESS BY MEDIA LLC and
SUCCESS BY MEDIA HOLDINGS
INC.,**

    **Defendants.**

## ORDER

    This matter is before the Court on the Federal Trade Commission's ("FTC") motion to compel production of documents in compliance with a subpoena to nonparty Jo Dee Baer. The subject subpoena was issued by the United States District Court for the District of Arizona in a case pending there—*FTC v. James D. Noland, Jr., et al.*, No. 2:20-cv-00047-PHX-DWL (D. Ariz.) ("Jay Noland Action"). (Doc. 1-2).

    In that action, the Arizona Court entered a Preliminary Injunction and other relief against the defendants. (Doc. 109). The Arizona Court found "compelling evidence that defendants are operating a pyramid scheme and that they have otherwise engaged in deceptive practices in violation of [the FTC Act]," and continued to freeze defendants' assets and appointed a receiver over entities they controlled. (Doc. 106 at 29-30).

    The FTC contends that Baer played a significant role in the pyramid scheme and litigation. Baer prepared and submitted to the Arizona Court declarations detailing her financial experience in the pyramid scheme and describing communications with the defendants. (Doc. 1-1). Baer

- 2 -

swore *inter alia* that she was "the #1 [m]oney [e]arner [for] the majority of the [c]ompanies[sic] [e]xistence," referring to the pyramid scheme in the Jay Noland Action. (Doc. 1- 1 at 4, 7, 9). Accordingly, the FTC attempted to subpoena records from Ms. Baer to explore the basis for the facts asserted in her declarations. There can be no question that the requested information is relevant and reasonable. Ms. Baer, nevertheless, has objected arguing that the requests are burdensome and harassing. However, these vague and unsupported objections are unavailing. Moreover, Ms. Baer's partial production of information fails to fully comply with the subpoena.

Accordingly, the FTC's motion to compel (Doc. 1) is **GRANTED.** Within **fourteen (14) days** of this Order, Ms. Baer shall produce to the FTC all documents responsive to the subpoena. The FTC has advised that it is willing to work with Ms. Baer to minimize the burden in responding to the subpoena. Ms. Baer is cautioned that her failure to comply could result in sanctions, including contempt of court.

**DONE** and **ORDERED** in Ocala, Florida on September 4, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties